# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

NANA - I AM; MIGUEL BARRAZA,
DINORAH BARRAZA, JUDITH YANETH
BARRAZA; ROBERT STEVEN MCMINN, JR.

        Plaintiffs,

vs.

COUNTY OF CLARK, *et al.*,

        Defendants.

Case No. 2:16-cv-01631-MMD-GWF

**ORDER**

This matter is before the Court on Defendant Keller Williams Realty Southwest's ("Keller Williams") Motion to Stay Discovery (ECF No. 22), filed on August 5, 2016.[1] To date, Plaintiffs have not filed an opposition to this motion and the time for opposition has now expired.

## BACKGROUND

On July 12, 2016, Plaintiffs filed their complaint alleging claims including civil rights violations pursuant to 42 U.S.C. §§ 1981–1983, 1985–1986, and 1988, conspiracy in violation of 18 § U.S.C. 241, deprivation of rights under color of law in violation of 18 U.S.C. § 242, false arrest/illegal detention, malicious prosecution, illegal eviction, intentional infliction of emotional, physical, mental and psychological stress, and kidnaping in violation of 18 U.S.C. § 1201. *See Complaint* (ECF No. 1). These causes of action all stem from a series of events that ultimately lead to Plaintiffs' allegedly wrongful eviction from certain real property and subsequent arrest. *Id.*

Keller Williams filed a Motion to Dismiss on August 5, 2016 arguing that Plaintiffs' complaint is largely illiterate and fails to state a claim upon which relief may be granted. *Motion to*

---

[1] Defendants Las Vegas Metropolitan Police Department, Joseph Lombardo, Jose Martinez, P. Zaragoza, Nick Farese, Kenneth Mead, D. King, James Larosa, and Suburban Propane, LP (incorrectly named as Suburban Gas) filed Joinders to Defendant Keller Williams Realty Southwest's Motion to Stay Discovery. *See* (ECF Nos. 25 and 28). In addition, Defendant Suburban Gas filed a Motion to Dismiss (ECF No. 24) on August 8, 2016.

*Dismiss* (ECF No. 20).  Because Keller Williams' Motion to Dismiss is potentially dispositive of the entire case (at least with respect to the claims against it), Keller Williams argues that discovery in this matter should be stayed pending the resolution of its motion.  *See Motion to Stay* (ECF No. 22).  This stay would relieve the parties of the burdens and expenses of discovery should the District Court grant the Motion to Dismiss.

## DISCUSSION

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending.  *See Skellerup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598, 600-1 (C.D. Cal. 1995).  Ordinarily, a dispositive motion does not warrant a stay of discovery.  *See Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989).  *See also Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).  The moving party carries the heavy burden of making a strong showing of why discovery should be denied.  *Kor Media Group, LLC v. Green*, 294 F .R.D. 579, 581 (D. Nev. 2013).

Courts have broad discretionary power to control discovery.  *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988).  When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. P. 1 that ensures a "just, speedy, and inexpensive determination of every action." *Kor Media Group*, 294 F.R.D. at 581.  It is well known that the purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery.  *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).   To establish good cause for a stay, the moving party must show more than an apparently meritorious Rule 12(b)(6) motion.  *Turner Broadcasting System*, 175 F.R.D. at 556.

The Court may grant a motion to stay discovery when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group*, 294 F.R.D. at 581.  Common examples of when a stay is warranted are cases involving jurisdiction, venue, or immunity as preliminary issues.  *Twin City Fire Ins. Co.*, 124 F.R.D. at 653.  Furthermore, a stay of discovery might be appropriate where the complaint was utterly frivolous, or filed merely for

settlement value.  4 J. Moore, *Federal Practice* § 26.70[2], at 461.

Fed. R. Civ. P. 12(b)(6) requires only that the Court determine whether the pleadings are sufficient to establish a claim, and does not require the Court to determine if the plaintiff could find evidence to support the pleadings.  *Tracy v. United States*, 243 F.R.D. 662, 664 (D. Nev. 2007).  Fed. R. Civ. P. 12(b)(6) requires a plaintiff "to provide grounds of his entitlement for relief" which "requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

After conducting its "preliminary peek" of Keller Williams' Motion to Dismiss, which it makes under Rule 12(b)(6), the Court finds that a stay of discovery is warranted.  First, the pending motion to dismiss, if granted, may resolve all of the issues raised in Plaintiffs' complaint.  Second, the Court is convinced that Plaintiff will be unable to state a claim for relief against Keller Williams—or potentially any other named Defendant.  Finally, the Court agrees that the Keller Williams' Motion to Dismiss can be decided without additional discovery. [2]

In addition, Local Rule 7-2(d) provides that "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Plaintiffs did not file points and authorities in response to Keller Williams' instant motion to stay. Therefore, Plaintiffs are considered to have consented to the granting of Keller Williams' motion under LR 7-2(d).

For these reasons, the Court will grant Keller Williams' motion to stay.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant Keller Williams Realty Southwest's Motion to Stay Discovery (ECF No. 22) is **granted**.

DATED this 29th day of August, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

---

[2] The Court notes that Plaintiffs have failed to file a response to Keller Williams' Motion to Dismiss and the time for a response has since expired.  Similarly, Plaintiffs failed to file a response to Defendant Suburban Gas's Motion to Dismiss (ECF No. 24) and the time for response has since expired.