UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NANA – I AM, MIGUEL BARRAZA, DINORAH BARRAZA, JUDITH YANETH BARRAZA, ROBERT STEVEN McMINN, JUNIOR,<br><br>Plaintiffs,<br>v.<br><br>COUNTY OF CLARK, CITY OF LAS VEGAS, LAS VEGAS METROPOLITAN POLICE DEPARTMENT, JOSEPH LOMBARDI, J. MARTINEZ, P. ZARAGOZA, NICK FARESE, KENNETH MEAD, D. KING, J. LAROSA, M. MADLAWD, THE GOLDEN TEAM REAL ESTATE – KELLER WILLIAMS, J.J. CASPER, AMERIGAS, FERRELL GAS, SUBURBAN GAS, BRENDA MOORE-FLANK, FOX NEWS CHANNEL 5, AND DOES 1 THRU 25,<br><br>Defendants. | Case No. 2:16-cv-01631-MMD-GWF<br><br>ORDER<br><br>(Defs' Motions to Dismiss – ECF Nos. 5, 12, 15, 16, 17, 18, 20, 24) |

**I.     SUMMARY**

Plaintiffs filed this suit alleging a number of civil rights violations, torts, and criminal acts committed against them by 18 named defendants and an unknown number of Doe defendants. (ECF No. 1.) To date, no proof of service has been filed for 6 Defendants. (ECF No. 34.) Each of the remaining 12 Defendants has filed a motion to dismiss. (ECF Nos. 5, 12, 15, 16, 17, 18, 20, 24.) Several Defendants also joined in their co-defendants motions to dismiss. (ECF Nos. 26, 29, 30.) Plaintiffs have not responded to any of these motions. For the reasons below, the motions are granted.

## II. BACKGROUND

Plaintiffs' 55-page complaint, though difficult to understand and filled with irrelevant digressions, seems to center on a dispute about whether they were the lawful occupants of a home in Las Vegas. The dispute led to confrontations with a number of Las Vegas Metropolitan Police Department ("LVMPD") officers, a neighbor, real estate agents, public utilities, and a local news station.

The facts according to the Complaint are as follows. On March 5, 2016, Plaintiff Nana – I AM gave Plaintiffs Miguel and Dinorah Barraza a "key along with a lawsuit and a lease" to a home in Las Vegas.[1] (ECF No. 1 at 7.) When they first entered the home, Plaintiffs set off an alarm, and a representative from the alarm company arrived and contacted a real estate agent.[2] (*Id.*) That evening unnamed police officers arrived at the home and inquired about Plaintiffs' presence. Plaintiffs showed the officers "their paperwork" — perhaps meaning the lease and lawsuit mentioned above — and the officers left. (*Id.*) Plaintiffs also allege (and it is unclear if they are referring to the same event or a separate one) that Defendant Officers Larosa and Madlawd contacted Mr. Barraza at his home and asked him questions regarding a report that he had threatened the officers. Plaintiffs allege that Larosa and Madlawd trespassed when they came to the door because no trespassing signs are posted on the property. (*Id.* at 15-16.)

The next day unnamed police officers arrived again and asked Ms. Barraza for permission to enter the home. Ms. Barraza granted the officers permission to enter, and the officers asked about a stove that had been installed by the real estate agent. (*Id.* at 7-8.)

///

---

[1] Plaintiffs reference a lawsuit several times in their Complaint but do not explain its nature or its relation to the current case. It seems Plaintiffs believe the lawsuit gave them a legal basis for occupying the home, but they never explain why.

[2] Plaintiffs refer to a real estate agent throughout the Complaint. In their introductory section, Plaintiffs identify Defendant J.J. Casper as the sales manager of Golden Team Real Estate. However, it is unclear whether Plaintiffs are referring to Casper when using the term real estate agent throughout the pleadings.

A day later, police once again came to the home. This time, Plaintiffs have identified Defendant Detective Jose Martinez as one of the officers. (*Id.* at 8.) Detective Martinez told Plaintiffs that he believed the paperwork they had produced to show their right to be in the home was fraudulent. (*Id.*) Plaintiffs allege that Detective Martinez believed the papers were fraudulent because they were signed by a Mexican. (*Id.*) Detective Martinez then asked Mr. Barraza if he could ask him a few questions, and further informed Mr. Barraza that he could stop the conversation whenever he wanted. (*Id.* at 8-9.) Detective Martinez asked Mr. Barraza for permission to enter the home, which Mr. Barraza granted. (*Id.* at 9.) Detective Martinez asked questions about Plaintiffs' presence in the home. He repeated "the same questions over and over again but in different ways." (*Id.*) After about two hours, Mr. Barraza decided to stop answering questions. Plaintiffs allege that Detective Martinez became upset and told Mr. Barraza's daughter: "If she thinks that her and her parents are going to move from North Las Vegas to an area like this and into a house like this, she should think again." (*Id.*) Detective Martinez also told Plaintiffs that he was going to continue to investigate the law suit and lease, and if he determined that they are fraudulent, he would return to arrest them. (*Id.*)

The next day a representative from the power company came to the home and disconnected the power. Plaintiffs allege the real estate agent arranged for the power to be turned off. (*Id.*) Plaintiffs also allege the real estate company called Defendants AmeriGas and Ferrel Gas Company and instructed them to refuse service to Plaintiffs. Additionally, Plaintiffs allege a real estate agent approached an employee from Defendant Suburban Gas,[3] who had come to the home, and instructed him to similarly refuse service. (*Id.* at 9-10.)

Mr. Barraza stayed in the house for three weeks without any gas or electricity. (*Id.* at 10.) At an unspecified date, police officers returned at 1:00 a.m. and asked Mr.

---

[3]The correct name of the Defendant is Suburban Propane, LP. (ECF No. 24 at 3.)

3

1  Barraza what other people were staying in the home and about the ages of his children.
2  As the officers left, they indicated that child protective services ("CPS") would be
3  checking on Mr. and Ms. Barraza's children. (*Id.*) The following day CPS stopped at the
4  home and left a business card in the door after nobody answered. (*Id.*) A few days later,
5  a case worker met with the Barraza's children at their school, and later with the Barrazas
6  themselves. (*Id.* at 11.)

7  At another unspecified date, Plaintiffs allege that Golden Team Real Estate —
8  Keller Williams ("Keller Williams") contacted the Barraza's neighbor, Defendant Brenda
9  Moore-Flank and Defendant Fox News Channel 5 ("Channel 5") "to continue their dirty
10 work." (*Id.* at 12.) Channel 5 came to the home seeking to interview Plaintiffs and left a
11 card. (*Id.*) Nana I − AM contacted Channel 5 and informed them that Plaintiffs were not
12 interested in speaking with them. Though the complaint is not entirely clear, it seems that
13 Channel 5 may have aired a report that included Moore-Flank alleging Plaintiffs were
14 squatters and were involved in drug trafficking. (*Id.* at 12-13.)

15 On May 11, 2016, Detective Martinez returned and arrested Plaintiffs. Plaintiffs
16 allege that Detective Martinez did not show them a warrant and that no weapon or drugs
17 were found in the home. (*Id.* at 13.) Plaintiffs alleged that officers ransacked the house
18 and handcuffed the Barraza's fifteen-year-old son for nearly two hours. (*Id.* at 17.)
19 According to Plaintiffs, Channel 5 was filming during the arrest and search. (*Id.*)

20 Plaintiffs were then taken to Clark County Detention Center and kept in restraints
21 for 36 hours. (*Id.*) Plaintiffs generally allege that the conditions at the Detention Center,
22 including the food, were poor. Ms. Barraza also alleges that she witnessed an officer kill
23 another inmate in front of her while she was incarcerated. (*Id.* at 18.)

24 The complaint goes on to include a prayer (*id.* at 18-19), references to the Foreign
25 Sovereign Immunities Act of 1976 (*id.* at 24), references to admiralty law (*id.* at 28),
26 Roman Curia Law (*id.*), allegations of treason (*id.* at 29), a reference to the emoluments
27 clause (*id*), the United Nations (*id.* at 30), the constitution of the American Bar
28 Association (*id.*), the Federalist Papers (*id.* at 37), the Uniform Commercial Code (*id.* at

4

43), the Declaration of Independence (*id.* at 45), and dozens of court cases presented with little or no context.

Plaintiffs claim these allegations amount to violations of federal civil rights law, federal criminal law, and state torts. Plaintiffs seek $150,000,000 in damages, gag orders against two defendants, restraining orders against others, and other forms of injunctive relief. (*Id.* at 46-47.)

## III.   LEGAL STANDARDS

### A.   Motion to Dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does

not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but not shown — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)).

The notice pleading requirements of Rule 8(a) can be violated not only "when a pleading says too little," but also "when a pleading says too much." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citing *Cafasso, U.S. ex rel. v. Gen.Dynamics C4 Sys.*, *Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("[W]e have never held — and we know of no authority supporting the proposition — that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citations omitted); *McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (affirming a dismissal under Rule 8, and stating that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges")).

Mindful of the fact that "[t]he Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of *pro se* litigants," the Court will view Plaintiffs' pleadings with the appropriate degree of leniency. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)).

B.     **Leave to Amend**

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment." Fed.R.Civ.P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that

the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## IV. DISCUSSION

As an initial matter, 18 U.S.C. §§ 241, 242, and 1201, are criminal statutes that do not create a private right of action. *See Jianjun Xie v. Oakland Unified Sch. Dist.*, No. C 12-02950 CRB, 2012 WL 5869707, at *5 (N.D. Cal. Nov. 19, 2012) ("[N]o private right of action exists to enforce a criminal statutory provision" including §§ 242 and 1201) (citing *Alexander v. Sandoval*, 532 U.S. 275, 286-88 (2001)). Therefore, Plaintiffs' second, third, and fifth causes of action are dismissed against all defendants with prejudice.

Additionally, Plaintiffs' fourth cause of action lists a number of torts (based on state law) in addition to the Fourth Amendment to the U.S. Constitution. It is not clear which plaintiffs are asserting this claim against which defendants. The only defendant specifically named in this section is Detective Martinez. To the extent that Plaintiffs intended to assert their fourth cause of action against any other Defendants, it is dismissed without prejudice for lack of clarity.

### A. Clark County's Motion (ECF No. 5)

Plaintiffs name Clark County as a defendant based on the County's alleged relationship with the LVMPD. (ECF No. 1 at 2.) Clark County notes that NRS § 280.280 grants the LVMPD independent legal status, separate and apart from both the City of Las Vegas and the County. (ECF No. 5. at 2-3.)

The Court agrees that, absent passing references to jail conditions, the allegations in the Complaint do not relate to Clark County. Therefore, Clark County's Motion is granted and the claims against the County are dismissed without prejudice.

### B. City of Las Vegas' Motion (ECF No. 12)

The City of Las Vegas also notes that LVMPD is a separate legal entity. (ECF No. 12 at 4.) Additionally, the City notes that the home in question is located outside of the City's jurisdiction, and there are no allegations in the Complaint that relate specifically to the City itself. (*Id.* at 3-4.)

The Court agrees the Complaint does not contain allegations that support any claims again the City of Las Vegas, and therefore the City's Motion is granted and any claims against the City are dismissed without prejudice.

### C. Lombardo's Motion (ECF No. 15)

The Complaint identified Joseph Lombardi [sic] as the Sheriff of Clark County and the LVMPD. It alleges that the LVMPD officers committed crimes under Sheriff Lombardo's authority. (ECF No. 1 at 3.)

Sheriff Lombardo argues that the Complaint contains no allegations about any individual wrongdoing on his part, and further contains no allegations that he directed any of the officer's alleged misconduct, knew of them, or failed to prevent them.

The Court agrees that the Complaint does not contain facts that support any theory of liability against Sheriff Lombardo. The Sheriff's Motion is granted and any claims against him are dismissed without prejudice.

### D. LVMPD's Motion (ECF No. 16)

The LVMPD argues that though Plaintiffs have alleged wrongdoing on the part of several LVMPD officers, they have not alleged any facts that would support liability for the department itself under *Monell v. Dep't of Soc. Servs.*, 463 U.S. 658 (1978).

The Court agrees. The Complaint does not refer to any customs or policies related to the alleged constitutional violations committed by the LVMPD officers. Nor does the Complaint contain any other allegations related to LVMPD as a distinct entity. LVMPD's Motion is granted, and all claims against it are dismissed without prejudice.

### E. Farese's Motion (ECF No. 17)

The only reference to Nick Farese in the Complaint is an explanation that he works for the LVMPD and that he is "responsible for the outrageous crime committed by all of the defendants (officers) against the Plaintiffs and violated their civil rights." (ECF No. 1 at 3-4.) There are no other references to Farese in the Complaint.

///

///

Farese argues, correctly, that this is insufficient to support any claims against him. The Court agrees and grants Farese's Motion. All claims against him are dismissed without prejudice.

### F. King, Larosa, Martinez, Mead, and Zaragoza's Motion (ECF No. 18)

Defendants King, Larosa, Martinez, Mead, and Zaragoza ("LVMPD Officer Defendants") ask the Court to dismiss any claims against them asserted by Plaintiffs Nana – I AM and Robert Steven McMinn. They additionally request Plaintiffs' first claim be dismissed against Larosa, Zaragoza, Mead, and King.

Defendants are correct that the Complaint does not clearly state any factual basis for Nana – I AM or Robert Steven McMinn to bring any of the listed claims against the LVMPD Officer Defendants (or any other Defendant for that matter). To the extent Plaintiffs Nana – I AM and McMinn are attempting to assert any claims, they are dismissed without prejudice.

The Court also agrees that Plaintiffs' first cause of action does not clearly state how Larosa, Zaragoza, Mead, or King participated in conduct that violated Plaintiff's constitutional rights. Therefore, the first cause of action is dismissed against Larosa, Zaragoza, Mead, and King without prejudice.

### G. Keller Williams' Motion (ECF No. 20)

Plaintiffs allege that Keller Williams asked LVMPD to inspect a stove in the home (ECF No. 1 at 7-8); instructed gas and electric providers to refuse service to them (*id.* at 9-10); convinced Plaintiffs' neighbor to complain about them (*id.* at 12), and finally caused Channel 5 to report on Plaintiffs (*id.*).

Keller Williams is not a state actor for the purposes of § 1983. Further, as explained above, Plaintiffs have not explained with sufficient clarity the nature of the tort claims they reference in their fourth cause of action. For these reasons, Keller Williams' Motion is granted. The claims against them related to Plaintiffs' first cause of action are dismissed with prejudice, and the remaining claims are dismissed without prejudice.

///

9

### H. Suburban Propane, LP's Motion (ECF No. 24)

As Suburban Propane LP correctly notes, Plaintiffs' only allegation related to it is that a technician responded to a call at Plaintiffs' home and left after speaking to a real estate agent at the scene. (ECF No. 1 at 10.) The Court further notes that Suburban Propane LP, like Keller Williams, is not a state actor.

The Court agrees with Suburban Propane LP that this sole allegation does not support any of the legal claims proposed by Plaintiffs. Suburban Propane LP's Motion is granted. Plaintiffs' first cause of action against Suburban Propane LP is dismissed with prejudice. Any remaining claims are dismissed without prejudice.

### I. Unserved Defendants

As noted, proof of services has not been filed with respect to 6 Defendants. (ECF No. 34.) In light of the confusing allegations in the Complaint, the claims against these defendants are not easily discernable and fail to satisfy Rule 8(a). It would be unfair to require these Defendants to respond to the Complaint. Because the Court will give leave to amend, the Court *sua sponte* dismisses claims against these remaining Defendants without prejudice.

## V. CONCLUSION

Accordingly, it is hereby ordered that each of the Defendants' Motions to Dismiss (ECF Nos. 5, 12, 15, 16, 17, 18, 20, 24) are granted.

It is further ordered Plaintiffs' second, third, and fifth causes of action based on federal criminal statutes are dismissed against all Defendants with prejudice.

It is further ordered that Plaintiffs' fourth cause of action is dismissed against Defendants Clark County, City of Las Vegas, LVMPD, Lombardo, Zaragoza, Farese, Meed, King, Larosa, Keller Williams, and Suburban Propane LP without prejudice.

It is further ordered that Plaintiffs' first cause of action is dismissed against Defendants Keller Williams and Suburban Propane LP with prejudice, and dismissed against Defendants Clark County, City of Las Vegas, LVMPD, Lombardo, Zaragoza, Farese, Meed, King, Larosa, and Martinez without prejudice.

It is further ordered that any claims brought by Plaintiff Nana − I AM and Robert Steven McMinn are dismissed against all Defendants without prejudice.

It is further ordered that claims against Defendants M. Madlawd, JJ Casper, Amerigas, Ferrell Gas, Brenda Moore-Flank and Fox News Channel 5 are dismissed without prejudice.

It is further ordered that Plaintiffs are granted leave to amend their Complaint to include a short and plain description of the allegations against the remaining claims against the remaining defendants, if they so choose. The Amended Complaint must be filed thirty (30) days after the entry of this order. Failure to file an amended complaint within this deadline will result in dismissal of this action with prejudice.

Plaintiffs are advised that the esoteric legal argument presented in pages 24-45 of their Complaint is not relevant and has no bearing on the sufficiency of their complaint.

DATED THIS 10th day of March 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE