UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NANA – I AM, *et al.*, | Case No. 2:16-cv-01631-MMD-GWF |
| Plaintiffs, | ORDER |
| v. | |
| COUNTY OF CLARK, *et al.*, | |
| Defendants. | |

On March 10, 2017, the Court granted Defendants' motions to dismiss and gave Plaintiffs leave to amend certain claims within thirty (30) days ("Order"). (ECF No. 35.) The 30-day period has now expired, and Plaintiffs have not filed an amended complaint.[1]

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833

---
[1] In fact, the Court's Order was returned as undeliverable as to three of the plaintiffs (ECF Nos. 36, 37, 38). It appears that those plaintiffs have failed to file their updated mailing addresses.

F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor — public policy favoring disposition of cases on their merits — is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that her failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's Order giving leave for Plaintiffs to amend their complaint within thirty (30) days expressly stated: "Failure to file an amended complaint with this deadline will result in dismissal of this action with prejudice." (ECF No. 35.) Thus, Plaintiffs had adequate warning that dismissal would result from their noncompliance with the Court's Order.

///

///

///

It is therefore ordered that this action is dismissed with prejudice based on Plaintiffs' failure to file an amended complaint in compliance with this Court's Order. The Clerk is directed to enter judgment in favor of Defendants and close this case.

DATED THIS 24th day of April 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE